UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WARREN D. PRICE,

                Plaintiff,

                                        **Hon. Hugh B. Scott**

        v.

                                        05CV506A

                                        **Report**
                                        **&**
GENERAL MOTORS CORPORATION--          **Recommendation**
GM POWERTRAIN,

                Defendant.
_____

      This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 8). The instant matter before the Court is defendant General Motors' ("GM" or "defendant") motion (Docket No. 6[1]) to dismiss under Rule 12(b)(6) without leave to amend.

### BACKGROUND

      Plaintiff sued his employer, defendant General Motors, for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 623 ("ADEA"), and New York State Human Rights Law, N.Y. Exec. Law §§ 390, et seq. ("NYHRL"). He alleges that in 2003 he applied for two lateral openings as a millwright for a new engine launch team. Plaintiff was 59 years old when he interviewed (with others) for the position. He was not selected. Instead,

---

[1] Defendant attempted to file an earlier version of this motion, Docket No. 5, but it had defects under the Court's electronic case filing rules and was terminated. The Court will address this latter filed motion, Docket No. 6.

two other employees (aged 45 and 55) were chosen.  Plaintiff claims age-based harassment.  He alleges that the GM manager made a few age-based comments, asking about his retirement plans and whether, given his age, he could travel since the job included travel (Docket No. 1, Compl. ¶¶ 23-25).  The first cause of action alleged GM violated the ADEA by not promoting plaintiff due to his age and by "deriding" and "denigrating" him because of his age (id. ¶ 35), while the second cause of action alleged that the similar facts established a violation of NYHRL (id. ¶ 39).

      Defendant moved to dismiss (Docket No. 6), contending that the Complaint fails to allege facts to show that plaintiff was subject to a hostile work environment due to his age in violation of either the ADEA or NYHRL.  Defendant disputes whether plaintiff alleged an age discrimination claim based upon the age of the employees hired (one a 55-year-old) as compared with plaintiff's age when he applied (59 years old).  Defendant concludes that these defects in pleading cannot be cured, consistent with Rule 11, and the Complaint should be dismissed with prejudice and without leave to replead.  (Docket No. 6, Def. Memo. of Law at 1-2.)

      Plaintiff responds that, accepting his allegations as true for purposes of this motion to dismiss, that he alleges at a minimum a failure to promote claim regarding the 45 year old promoted instead of him (Docket No. 11, Pl. Responding Memo. at 3).  He contends that he alleged a failure to promote claim and that defendant misstates the standard (id. at 3-5).  He states that he alleged causes of action for age discrimination in not receiving the promotion for either position (id. at 5-6) and asserts a hostile work environment age harassment claim from the derogatory questions during his interview (id. at 6).

      In reply, defendant argues that the four-year difference between plaintiff and the employee promoted to one position did not support an age discrimination claim and that plaintiff

2

did not cite authority to support his age-based harassment claim (Docket No. 12, Def. Reply Memo. of Law at 1, 2).

The Court issued a briefing schedule for this motion, requiring responses by September 26, 2005, any reply by October 3, 2005, with the motion argued on November 8, 2005 (Docket Nos. 9, 14). At the conclusion of argument, the Court reserved decision (Docket No. 16).

## DISCUSSION

I.  Standard of Review

Defendant has moved to dismiss the Complaint on the grounds that it states a claim for which relief cannot be granted. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

II.     ADEA Claim

First, defendant notes that this Circuit has not recognized a claim for age harassment under ADEA (Docket No. 6, Def. Memo. at 3 n.2). Courts that have recognized this cause of action have stated that a plaintiff must plead and prove the following to state such a claim: the plaintiff is over the age of 40 and was subjected to age-based harassing words or conduct that unreasonably interfered with the employee's work performance and created an objectively intimidating, hostile or offensive work environment, see, e.g., Crawford v. Median Gen. Hosp., 96 F.3d 830, 834 (6th Cir. 1996); Rivera-Rodriquez v. Frito-Lay Snacks Caribbean, 265 F.3d 15, 24 (1st Cir. 2001); King v. New York City Bd. of Educ., C.S.D. #28, No. 96CV2720, 2000 WL 1897349 at *6 (E.D.N.Y. Dec. 19, 2000) (the analysis of hostile work environment claim same under ADEA as Title VII). Plaintiff must show that the alleged harassment is so "severe or pervasive [as] to alter the conditions of [the victim's] employment and create an abusive working environment." Meritor Sav. Bank v. Vinson, 477 U.S. 57, 67 (1986). "Isolated, minor acts or occasional episodes do not warrant relief" unless sufficiently severe and plaintiff needs to prove that the incidents were "'sufficiently continuous and concerted' to be considered pervasive" or that one episode was severe enough establish a hostile work environment. Brennan v. Metropolitan Opera Ass'n, Inc., 192 F.3d 310, 318 (2d Cir. 1999) (quoting Perry v. Ethan Allen, Inc., 115 F.3d 143, 149 (2d Cir. 1997) and Richardson v. New York State Dep't of Correctional Servs., 180 F.3d 426, 437 (2d Cir. 1999)).

Defendant points out that plaintiff only alleges four age-based comments and other negative conduct without alleging a nexus to plaintiff's age (Docket No. 6, Def. Memo. at 4 & n.3).

As for plaintiff's claim that he was not hired for the millwright positions because of his age, defendant argues that the four-year difference between the successful applicant and plaintiff did not establish an age discrimination claim, see O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312-13 (1996) (id. at 5-6). To state such a claim under either statutory framework, plaintiff must allege that he is over the age of 40, he was qualified for the positions he sought, he suffered an adverse employment action, i.e., he did not get either position, and the positions went to someone sufficiently younger with equal or inferior qualifications to permit an inference of age discrimination, Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 141 (2000); see Hardy v. General Elec. Co., 270 A.D.2d 700, 701, 705 N.Y.S.2d 97, 99-100 (3d Dep't 2000) (ADEA and NYHRL age discrimination case). Defendant concludes that the claim for the millwright job taken by the 55 year old should be dismissed as a matter of law (id. at 6).

Plaintiff contends that he stated a prima facie case even with a four-year difference between himself and the person ultimately promoted (Docket No. 11, Pl. Memo. at 5), see Hollander v. American Cyanamid Co., 895 F.2d 80, 83 (2d Cir. 1990). Defendant counters that Hollander is distinguishable because its holding dealt with other issues (the third, pretext stage of disparate treatment analysis under McDonnell Douglas v. Green, 411 U.S. 792 (1973), Hollander, supra, 895 F.2d at 83) and that the age range the Second Circuit found stated a prima facie case there were eleven years difference (Docket No. 12, Def. Reply Memo. at 5). Here, defendant concludes the age range was four years between plaintiff and one of the successful candidates. Defendant, however, does not address plaintiff's claim that the other millwright job was given to the younger, 40-year-old employee (see Docket No. 11, Pl. Memo. at 3).

5

Plaintiff argues that the correct standard was established by the United States Supreme Court in Swierkiewicz v. Sorema, NA, 534 U.S. 506, 511-12, 514 (2003), requiring only a short and plain statement of his claim under Federal Rule of Civil Procedure 8(a)(2), that the Complaint give notice of the ADEA claim (Docket No. 11, Pl. Memo. at 4, 5). He contends that he made such a short and plain statement of his ADEA hostile work environment claim (id. at 6). Defendant argues that its contention was not on the basis of plaintiff's adequate pleading but on the fact that a prima facie case of age discrimination cannot be based upon a four-year age difference.

At this initial pleading stage, plaintiff has alleged a claim, at least as to the millwright position given to the 40 year old employee. Hollander suggests that a claim of even a one year's difference between the plaintiff and the younger employee may state a prima facie case, see 895 F.2d at 83. While the Supreme Court in O'Connor, supra, 517 U.S. at 313, announced that an inference of discrimination cannot arise from replacing one worker with "another worker insignificantly younger," the Court did not define what was "insignificantly younger" and defendant has cited cases from other circuits that have applied it to up to a six-year age difference, see Grosjean v. First Energy Corp., 349 F.3d 332, 340, 336-40 (6th Cir. 2003) (noting case law, and general range of eight to ten years as stating discrimination claim in other circuits), and one New York state court has found minor age differences (there a two-year difference) insignificant for ADEA and NYHRL claims, see Hardy v. General Electric Co., 270 A.D.2d 700, 704, 705 N.Y.S.2d 97, 102 (3d Dep't 2000). The Second Circuit has not defined what age difference is statutorily "insignificant." Cf. Nemdhard v. Memorial Sloan Kettering Cancer Ctr., 104 F.3d 353, 1996 WL 680756, at *3-4, No. 96-7406 (2d Cir. Nov. 22, 1996) (table, summary

order, cited in Grosjean, supra, 349 F.3d at 340) (one-year difference with evidence of ageist comments). This Court, at this pleading stage, need not do so now.

III.     New York State Human Rights Law

Defendant treats plaintiff's New York State Human Rights Law claim as it treats the ADEA claim, arguing that both have similar legal standards. But if plaintiff's federal ADEA claim is dismissed, the Court need not exercise supplemental jurisdiction over the NYHRL claim. 28 U.S.C. § 1367 grants this Court supplemental jurisdiction over state law claims, provided that the Court has original jurisdiction over the case (that is, at least one federal claim remains pending). When all original jurisdiction claims are dismissed, the Court may decline to exercise supplemental jurisdiction. Id. § 1367(c)(3); see, e.g., Baines v. Masiello, 288 F. Supp. 2d 376, 395 (W.D.N.Y. 2003) (Curtin, J.). Given how intertwined these two claims are, this Court can dispose of the NYHRL claim as it did the ADEA claim. As a result, plaintiff has alleged a state law claim regarding the 40-year old hired instead of him.

IV.     Leave to Amend the Complaint

Defendant concludes by arguing that amendment of the Complaint would be futile and the Complaint should be dismissed without leave to replead (Docket No. 6, Def. Memo. at 6; Docket No. 12, Def. Reply Memo. at 5). Plaintiff's response does not discuss this contention and he does not yet seek leave to amend. Defendant seeks this Court deny leave to amend because plaintiff cannot prove one of its claims regarding one of the promotions. Under Federal Rule of Civil Procedure 15(a) amendment of pleading after the time to do so as of right requires either consent of all parties (apparently not present here) or by leave of the Court. Under Rule 15(a) motions for leave to amend the complaint are to be freely given when justice requires. Granting

such leave is within the sound discretion of the Court.  Foman v. Davis, 371 U.S. 178, 182 (1962); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).  "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'"  Foman, supra, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).  As stated above, plaintiff has alleged at least a claim, thus under Rule 15(a) liberal amendment rule, plaintiff should not be precluded from amending his pleading at this point if he so chooses.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion to dismiss under Rule 12(b)(6) without leave to amend (Docket No. 6) be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME**

**WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

                                                                       s/HBS
                                               Hon. Hugh B. Scott
                                       United States Magistrate Judge

Dated: Buffalo, New York
       November 22, 2005